UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDA LEE, | |
| Plaintiff, | |
| -against- | 1:23-CV-11322 (LTS) |
| N.Y.C.H.A. NEW YORK CITY HOUSING AUTHORITY, | ORDER OF DISMISSAL |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Brenda Lee, who is appearing *pro se*, filed this action against the New York City Housing Authority ("NYCHA"), asserting that NYCHA has violated her federal constitutional rights. She seeks damages and injunctive relief. The Court understands Plaintiff's complaint as asserting claims of federal constitutional violations, under 42 U.S.C. § 1983, as well as claims under state law.

By order dated January 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that the events that are the bases for her claims have occurred in New York State, between 1987 and the present. She also alleges that NYCHA: "Denied [and] refused [her] housing. Defamation, breach of contract. Violated [her] 1st Amend. etc. i.e. Brenda Lee[,] neglected [her] mother, [her] sons, denied or refused for [her] to submit [her] appeals etc. [*sic*]"

(ECF 1, at 5.) With regard to the relief she seeks, Plaintiff says she "need[s] housing 'now,' Ownership of Andrew Jackson Houses, $5 million or negotiable. [*sic*]" (*Id.* at 6.)

## DISCUSSION

A.    **Claims on behalf of others**

To the extent that Plaintiff asserts claims on behalf of members of her family or anyone else, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff does not allege that she is an attorney. Thus, any claims that she asserts on behalf of members of her family or anyone else are dismissed without prejudice.

B.    **Claims under 42 U.S.C. § 1983 on Plaintiff's own behalf**

The Court understands Plaintiff's complaint as asserting claims, under 42 U.S.C. § 1983, that NYCHA has violated Plaintiff's federal constitutional rights by denying her housing. It may be also asserting additional claims, under Section 1983, of violations of Plaintiff's federal constitutional rights.

1.    **No right to housing**

There is no right under the United States Constitution to housing benefits or to assistance with obtaining housing. *See generally Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that

document any constitutional guarantee of access to dwellings of a particular quality. . . . Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions."). Accordingly, the government has no "obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2012) (internal quotation marks and citation omitted). Thus, to the extent that Plaintiff asserts claims of federal constitutional violations under Section 1983 arising from a purported right to housing, the Court dismisses such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   **Other constitutional claims against NYCHA**

When a plaintiff sues a municipality or other local government entity, such as NYCHA, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's or other local government entity's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality or other local government entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality or other local government entity, the plaintiff must allege facts showing: (1) the existence of a municipal or local government entity policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). This standard has been applied to claims under

Section 1983 brought against NYCHA. *See Carrero v. N.Y.C. Hous. Auth.*, 890 F.2d 569, 576-77 (2d Cir. 1989). If there is no underlying constitutional violation, however, the Court need not examine whether the municipality or other local government entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Plaintiff has alleged no facts showing how a policy, custom, or practice of NYCHA has caused a violation of her federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead her claims, under Section 1983, of federal constitutional violations against NYCHA, in an amended complaint, but, for the reasons explained in the previous section, not any claims in which Plaintiff asserts a federal constitutional right to housing.

**C.     Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original jurisdiction (her claims under Section 1983), the Court declines to exercise its supplemental jurisdiction of any of her claims under state law that remain. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court dismisses this action. The Court dismisses the claims that Plaintiff asserts on behalf of anyone else without prejudice. The Court also dismisses Plaintiff's own claims under federal law (her own claims under 42 U.S.C. § 1983) for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's own claims under state law. *See* 28 U.S.C. § 1367(c)(3). The Court, however, grants Plaintiff 30 days' leave to replead her claims, in an amended complaint, as specified above. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court not to close this action, at this time, as the Court has granted Plaintiff leave to replead her claims in an amended complaint.

SO ORDERED.

Dated:   February 5, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge